

MAR - 3 2026

U. S. DISTRICT COURT
EASTERN DISTRICT OF MO
CAPE GIRARDEAU

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | No.   1:26CR00029SNLJ-ACL |
| JORDAN Z. SAMONTE, | ) ) | |
| Defendant. | ) ) | |

## MOTION FOR PRE-TRIAL DETENTION AND HEARING

Comes now the United States of America, by and through its attorneys, Thomas C. Albus, United States Attorney for the Eastern District of Missouri, and John N. Koester, Jr., Assistant United States Attorney for said District, and moves the Court to order defendant detained pending trial, and further requests that a detention hearing be held three (3) days from the date of defendant's initial appearance before the United States Magistrate Judge pursuant to Title 18, United States Code, Section 3141, et seq.

As and for its grounds, the Government states as follows:

Defendant is charged with two counts of making a false statement during the purchase of a firearm, in violation of 18 U.S.C. § 922(a)(6). As a threshold matter, the government is entitled to a detention hearing under two separate provisions of the Bail Reform Act, specifically 18 U.S.C. §§ 3142(f)(1)(E) and 3142(f)(2)(B). Starting with the former, the provision mandates a detention hearing in connection with "*any* felony ... that *involves* the possession or use of a firearm ... ." 18 U.S.C. § 3142(f)(1)(E). As the Second Circuit recognized, the term "involves" in this particular provision has a "broad" and "permissive meaning." *United States v. Watkins*, 940 F.3d 152, 166

(2d Cir. 2019).  Examining the statute's context, the Second Circuit explained that "by using the phrase 'that involves' in this subsection, Congress clearly intended for courts to pierce the veil of the charged offense and consider the conduct underlying the offense." *Id*.  The term "involves," the Court observed, "expands the scope of review" and permits judicial officers to "look beyond the elements of the charged offense." *Id*. at 167.  Applying the Second Circuit's rationale in *Watkins*, Courts have determined that the government is entitled to detention hearings where defendants are charged with making false statements in violation 18 U.S.C. § 922(a)(6). *See*, *e.g.*, *United States v. Syed*, 634 F.Supp.3d 1036, 2022 WL 6103455 (D.N.M. Oct. 7, 2022); *United States v. Chokr*, 2023 WL 375336 (E.D. Mich. Jan. 24, 2023).

Additionally, based on the facts of this particular case, the government is entitled to a detention hearing under 18 U.S.C. § 3142(f)(2)(B).  This subsection mandates a hearing where there is "a serious risk that [the defendant] will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate, a prospective witness." *Id*.  For the reasons outlined below, the government believes that the defendant does in fact pose such a serious risk in this case.

### Offense Conduct

On November 22, 2025, a female subject identified as SNP contacted the Poplar Bluff Police Department to report that Jordan Samonte, her ex-boyfriend and father of her children, had broken into her house and attacked her.  SNP stated that she was awakened shortly before 6:00 a.m. by Samonte, who had unlawfully entered her apartment.  Samonte struck her upon the head and threatened to come back to "shoot this bitch up."

The Butler County Prosecuting Attorney filed a Felony Complaint charging Samonte with Burglary in the First Degree, in violation of Mo. Rev. Stat. § 569.170 (punishable by a term of

imprisonment of 5-15 years), and Domestic Assault in the Third Degree, in violation of Mo. Rev. Stat. § 565.074 (punishable by up to 4 years imprisonment), in Case Number 25BT-CR01839. A warrant was issued, and Samonte was arrested on December 5, 2025. Samonte appeared before a Judge for his initial appearance on December 8, where he was formally advised of the felony charges that had been filed against him. Samonte posted bond and was released from custody on December 10, 2025. The docket entries reflect that Samonte re-appeared for counsel status hearings on three occasions (December 15 and 29, and again on January 5). On January 7, 2026, a public defender entered an appearance. Samonte appeared with his appointed counsel on January 15, and the case was scheduled for a preliminary hearing. On February 19, 2026, Samonte appeared with his attorney and waived his right to have the preliminary hearing. The case was then bound over to Circuit Court for felony arraignment, which is presently scheduled for March 10, 2026.

Meanwhile, SNP sought an Order of Protection against Samonte. An Ex Parte Order was filed in the Circuit Court of Butler County on November 24, 2025. Case Number 25BT-CV03021. Samonte was served with the Ex Parte Order on December 6. A full hearing was conducted in the Circuit Court of Butler County on December 11. The docket entries reflect that Samonte was present in person. After considering the testimony presented, the Court issued a Full Order of Protection. The Order became effective on December 11, 2025, and will remain effective until December 11, 2026. Among other findings, the Order specifically states that Samonte "represents a credible threat to the safety of [SNP]," and it restrains him from "harassing, stalking, or threatening" SNP. The Order explicitly states that, based on the specific findings, Samonte is prohibited from possessing firearms under federal law for the duration of the Order. Samonte was formally served with a copy of the Order on December 15, 2025.

On February 2, 2026, law enforcement officials were notified that Samonte attempted to purchase a firearm from Faraone's Pawnshop in Poplar Bluff, Missouri. Faraone's Pawnshop is a federally licensed dealer of firearms (FFL). The transaction did not go through because of the National Instant Background Check System (NICS).

FFLs are required to conduct background checks on individuals seeking to purchase firearms. Among other things, purchasers must complete a document known as ATF Form 4473. The form asks a series of questions, such as whether the transferee is a felon or an unlawful user of a controlled substance. One question on the form (21c) inquires as follows: "Are you under indictment or information in any court for a felony, or any other crime for which the judge could imprison you for more than one year?" Another question on the form (21i) inquires as follows: "Are you subject to a court order … restraining you from harassing, stalking, or threatening your child or an intimate partner?"

Immediately before the signature line, the following warning appears in bold print: "I understand that a person who answers 'yes' to any of the questions 21b through 21l … is prohibited from receiving, possessing, or purchasing a firearm." The form further warns: "I also understand that making any false oral or written statement … is a crime punishable as a felony under Federal law."

The ATF subsequently obtained records related to Samonte's attempted acquisition of a firearm on February 2, 2026. Samonte specifically attempted to purchase an American Tactical Industries, model Alpha Maxx, semi-automatic pistol (5.56/.223). On Question 21c, Samonte represented that he was not then under indictment or information for a felony. On Question 21i, Samonte represented that he was not subject to a domestic violence restraining order. He then signed the form, attesting that these answers were true and correct.

WHEREFORE, there are no conditions or combination of conditions that will reasonably assure defendant's appearance as required and the safety of any other person and the community and the Government requests this Court to order defendant detained prior to trial, and further to order a detention hearing three (3) days from the date of defendant's initial appearance.

Respectfully submitted,

THOMAS C. ALBUS
UNITED STATES ATTORNEY

JOHN N. KOESTER JR., #52177MO
ASSISTANT UNITED STATES ATTORNEY
555 Independence, 3rd Floor
Cape Girardeau, MO 63703
(573) 334-3736
john.koester@usdoj.gov